UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                        Plaintiff,

              -against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

1:20-CV-6510 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who appears *pro se*, requests that the Court seal his initial *in forma pauperis* ("IFP") application (ECF 1, 3), as well as his "revised" IFP application (ECF 4). (*See* ECF 5.) He states that both applications contain "sensitive information . . . that is not for public consumption and would serve to invite ridicule and embarrassment if they are not sealed." (*Id.*) On August 31, 2020, the Court granted Plaintiff IFP status. (ECF 6.) For the reasons discussed below, however, the Court denies Plaintiff's request to seal his IFP applications.

## DISCUSSION

      Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

      The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must

determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995). Finally, "the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff's IFP applications are judicial documents – they allow the Court to determine whether Plaintiff can proceed with this action IFP. The Court must evaluate, therefore, whether any countervailing factors outweigh the relatively strong presumption of public access to Plaintiff's IFP applications. The Court concludes that the contents of Plaintiff's IFP applications, including Plaintiff's references to his receipt of public benefits, employment history and current unemployment, and his state and federal litigation history, are not sufficiently extraordinary to

outweigh the presumption in favor of public access. The Court therefore denies Plaintiff's request to seal his IFP applications.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's request to seal his IFP applications. (ECF 5.)

SO ORDERED.

Dated:   September 2, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.