UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

       -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

1:20-CV-6510 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. In an order issued on October 21, 2020, and entered the next day, on October 22, 2020, and in a judgment also issued and entered on October 22, 2020, the Court dismissed this action *sua sponte*. (ECF 10 & 11); *see Komatsu v. City of New York*, No. 1:20-CV-6510, 2020 WL 8641274 (S.D.N.Y. Oct. 21, 2020). Plaintiff appealed. On December 20, 2021, the United States Court of Appeals for the Second Circuit affirmed the dismissal of this action. *Komatsu v. Cubesmart*, No. 20-3676-cv, 2021 WL 6060603 (2d Cir. Dec. 20, 2021) (summary order). On April 26, 2022, Plaintiff filed a letter in which he seeks relief under Rules 60, 59(e), 65, and 42 of the Federal Rules of Civil Procedure, as well as under 28 U.S.C. § 1651. (ECF 15.) Two days later, on April 28, 2022, Plaintiff filed another letter as a supplement to his April 26, 2022, letter. (ECF 16.)

    The Court liberally construes these submissions as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, a motion for relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure, in which Plaintiff seeks relief from the Court's order and judgment dismissing this action.[1] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

---

[1] On February 1, 2021, while his appeal was pending, Plaintiff filed a letter in this court

2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, however, the Court denies the motion.

## DISCUSSION

**A.      Relief under Rule 59(e)**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

A motion filed under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Clerk of Court entered the judgment dismissing this action on October 22, 2020. Plaintiff did not file the first of his letters seeking relief from that judgment

---

in which he expressed his disagreement with the Court's dismissal of this action, but did not seek Rule 59(e) or Rule 60(b) relief, or any other comparable relief, from the Court; he anticipated the remand of this action upon appeal. (ECF 13.)

until more than one year later, on April 26, 2022. Thus, because Plaintiff did not file his motion within 28 days of the entry of judgment, the Court denies Plaintiff relief under Rule 59(e).

**B.     Relief under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on clauses (1), (2), or (3) of this rule must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Clerk of Court entered the order and judgment dismissing this action on October 22, 2020. Plaintiff did not file the first of his letters seeking relief from that order and judgment until April 26, 2022, more than one year after the entry of the order and judgment dismissing this action. The Court therefore denies Plaintiff relief under Rule 60(b)(1), (2), or (3) because his motion is untimely.

To the extent that Plaintiff seeks relief under Rule 60(b)(4) or (5), the Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has not demonstrated that any of the grounds listed in Rule 60(b)(4) or (5) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(4) or (5).

Finally, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies Plaintiff's motion. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)

3

(quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation period applicable to relief under Rule 60(b)(1), (2), or (3) by invoking residual clause (6) of that rule. *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "'reasonable time'" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff does not show that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court construes Plaintiff's letters filed on April 26, 2022, and April 28, 2022 (ECF 15 & 16), as a motion for relief from the Court's October 21, 2020, order of dismissal, and its October 22, 2020, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies this motion.

This action is closed. The Court directs the Clerk of Court to accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why the Court should not bar Plaintiff from filing further documents in this action.

SO ORDERED.

Dated:   June 3, 2022
         New York, New York

                                                     _____
                                                            Louis L. Stanton
                                                                U.S.D.J.